## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

DAVID SHAFFER,

    Petitioner,

    v.

WILLIAM BOHRER,
MARYLAND ATTORNEY GENERAL,

    Respondents.

Civil Action No.:  SAG-22-1118

## MEMORANDUM

In response to the above-entitled Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, Respondents filed a Limited Answer asserting that the petition is untimely and otherwise presents non-cognizable claims.  ECF 6.  Self-represented Petitioner David Shaffer was granted 28 days to file a Reply but has failed to do so.  ECF 7.  The court finds no need for an evidentiary hearing.  *See* Rule 8(a), *Rules Governing Section 2254 Cases in the United States District Courts* and Local Rule 105.6 (D. Md. 2021); *see also Fisher v. Lee*, 215 F.3d 438, 455 (4th Cir. 2000) (petitioner not entitled to a hearing under 28 U.S.C. § 2254(e)(2)).  For the reasons that follow, the petition shall be dismissed and no certificate of appealability shall issue.

## BACKGROUND

Shaffer stood trial in the Circuit Court for Harford County, Maryland on charges of robbery, conspiracy to commit robbery, and theft of property with a value between $1,000 and $10,000, in connection with the April 12, 2010 robbery of the NBRS Financial Bank in Street, Maryland.  ECF 6-1 at 34-35.  On July 22, 2011, a jury convicted Shaffer on all counts.  *Id*. at 18. On September 21, 2011, Shaffer was sentenced to 15 years all but 8 years suspended for robbery

and a consecutive 15 years, all but 5 years suspended, for conspiracy to commit robbery, for a total of 13 years' confinement.  *Id*. at 13-16  For purposes of sentencing, the theft count was merged. *Id*.

Shaffer appealed his convictions to the Maryland Court of Special Appeals on October 4, 2011.  ECF 6-1 at 13.  His convictions were affirmed by unreported opinion issued on November 6, 2013.  *Id*. at 33-70.  The mandate issued on December 6, 2013.  *Id*. at 9.  Shaffer did not seek certiorari review in the Court of Appeals.  Therefore, his conviction was final, for purposes of the federal habeas corpus filing deadline, on January 6, 2014, the date the time for filing a petition for writ of certiorari expired.  *See* Md. Rule 8-302(a).  However, Shaffer also filed a motion for modification or reduction of sentence on October 4, 2011, which was held sub curia until it was denied on September 19, 2016, along with two other similar requests filed January 7, 2015, and September 7, 2016.  ECF 6-1 at 7-8.  Shaffer's conviction was not final for purposes of 28 U.S.C. § 2244 until September 19, 2016, the date his motions for modification were denied.  *See Mitchell v. Green*, 922 F.3d 187, 198 (4th Cir. 2019) (holding that sentence modification motions brought pursuant to Md. Rule 4-345 statutorily toll the applicable limitations period).  Shaffer had until September 19, 2017, to file for federal habeas corpus relief.

Shaffer filed a post-conviction petition on July 23, 2019, which was denied after a hearing by written opinion issued on August 27, 2021.  ECF 6-1 at 6-7.  On October 4, 2021, Shaffer filed an application for leave to appeal the denial of post-conviction relief with the Court of Special Appeals.  *Id*. at 5.  The application for leave to appeal was summarily denied on June 16, 2022. *Id*. at 5.

Shaffer's Petition for Writ of Habeas Corpus was received for filing in this court on May 9, 2022, and is deemed filed on May 3, 2022, the date he placed his petition in the mail.  ECF 1-2 at 2.  His amended petition was received on July 18, 2022.  ECF 3.

Shaffer raises the following claims in his petition: (1) the trial court erred in jury voir dire; (2) trial court erred when it did not grant a motion for severance; (3) the State's Attorney improperly vouched for a witness and referenced facts not in evidence during closing argument; (4) ineffective assistance of trial counsel by failing to object to "anti-CSI effect" voir dire question to potential jurors; (5) ineffective assistance of trial counsel for failing to assert Shaffer's right to a public trial; (6) post-conviction counsel did not consult with Shaffer and the post-conviction court did not allow him to "talk"; (7) ineffective assistance of trial counsel for failing to object to the use of out of court statements by co-defendant; and (8) ineffective assistance of trial counsel for failing to object to introduction of a photograph of Shaffer wearing a Carhartt jacket.  ECF 3 at 2, 3, and 7.[1]

## STANDARD OF REVIEW

A one-year limitation period applies to Petitions filed pursuant to 28 U.S.C. § 2254, as stated in § 2244.  The one-year period runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

---

[1]    The pages of the petition were mistakenly docketed out of order.

> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).  However, under § 2244(d)(2), "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."

"[T]he one year limitation period is also subject to equitable tolling in 'those rare instances where' due to circumstances external to the party's own conduct 'it would be unconscionable to enforce the limitation against the party.'" *Hill v. Braxton*, 277 F.3d 701, 704 (4th Cir. 2002), citing *Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000).  To be entitled to equitable tolling, a petitioner must establish that either some wrongful conduct by Respondents contributed to his delay in filing his petition or that circumstances that were beyond his control caused the delay. *See Harris*, 209 F.3d at 330.  "[A]ny resort to equity must be reserved for those rare instances where . . . it would be unconscionable to enforce the limitation period against the party and gross injustice would result."  *Id*.  The Fourth Circuit has made it clear that, prior to dismissing a pro se petition for writ of habeas corpus, "a district court should furnish notice that simply warns the pro se petitioner that his . . . action will be dismissed as untimely unless the petitioner can demonstrate that the petition was filed within the proper time period."  *Hill*, 277 F.3d at 708.

## ANALYSIS

The one-year filing period in this case was tolled while Shaffer's motions for modification or reduction of sentence were pending.  *See Mitchell*, 922 F.3d at 195; 28 U.S.C. § 2244(d)(2).  Once those motions were denied on September 19, 2016, the one-year limitations period began to run and expired on September 19, 2017.  Between the date the one-year filing deadline began to

run and the date it expired Shaffer had no pending post-conviction proceedings that would have operated to further toll the limitations period.  As noted, Shaffer did not file his petition in this court until May 3, 2022, well past the one-year filing deadline.  The petition is therefore untimely.

Shaffer does not allege, nor is there a factual basis for finding that he was prevented from filing this petition by a State created impediment.  28 U.S.C. §2244(d)(1)(B).  Nor does he raise a claim based on a newly recognized constitutional right made retroactively applicable by the Supreme Court.  § 2244(d)(1)(C).  Finally, the claims asserted do not rely upon a factual predicate discovered one-year prior to the date Shaffer filed his petition in this court; rather the claims regarding trial court error and ineffective assistance of trial counsel have been known to Shaffer since the date of his conviction.  § 2244(d)(1)(D).  To the extent Shaffer's claims regarding his post-conviction proceedings have been timely filed, as Respondents allege, those claims are addressed below.  Shaffer has not alleged that he is entitled to an equitable tolling of the limitations period, nor does any basis for doing so appear in the record before the court.

The factual predicate underlying Shaffer's post-conviction claims could not have been known to him until those proceedings were completed on August 27, 2021, the date the court denied his claims.  ECF 6-1 at 6.  Appellate review of that denial was completed on June 16, 2022.  *Id*. at 5.  To the extent that these claims were timely filed, the merits of the claims are addressed.[2]

Shaffer's claim that he was not allowed to talk during post-conviction proceedings and post-conviction counsel refused to discuss his claims with him are not cognizable claims.  Under 28 U.S.C. § 2254(i) "the ineffectiveness or incompetence of counsel during Federal or State

---

[2]    The timeliness of Shaffer's post-conviction claims does not mean his remaining claims concerning his trial are timely.  *See Zack v. Tucker*, 704 F.3d 917, 925 (11th Cir. 2013) (*en banc*) (explaining that while the statute of limitations applies on a claim by claim basis, a petitioner may not use a single, timely claim to revive time-barred claims), *cert. denied sub nom. Zack v. Crews*, 571 U.S. 863 (2013), *see also United States v. Branch*, 2022 WL 971007, *2 (D. Md. 2022); *Brown v. United States*, 2017 WL 4946990, 2 (D. Md. 2017); *Holloway v. United States*, 2017 WL 4745449, *3 (D. Md. 2017).

collateral post-conviction proceedings *shall not* be a ground for relief in a proceeding arising under section 2254." (emphasis supplied). To the extent that Shaffer intended the referenced claim to be a Sixth Amendment ineffective assistance of counsel claim with respect to post-conviction counsel, the claim fails. *See Murray v. Giarratano*, 492 U.S. 1, 7 (1989) (the Sixth and Fourteenth Amendments do not require the State to appoint counsel for indigent prisoners seeking post-conviction relief); *Davila v. Davis*, _ U.S. _, 137 S.Ct. 2058, 2065 (2017) (right to post-conviction counsel is not guaranteed by the constitution); *Samples v. Ballard*, 860 F.3d 266, 275-76 (4th Cir. 2017) (rejecting ineffective assistance of state habeas counsel claim). Thus, any assertion that Shaffer's post-conviction counsel rendered ineffective assistance is not a basis for federal habeas relief.

Shaffer's claim that the post-conviction court would not let him talk also fails to offer any basis for habeas relief. Shaffer offers not context for this claim, nor does he explain why this constitutes an error of constitutional magnitude. Federal habeas relief is therefore also denied as to this portion of the post-conviction claim.

Having determined that Shaffer's petition is time-barred and otherwise fails to state a cognizable claim, this court must now consider whether a certificate of appealability should issue. A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see Buck v. Davis*, 137 S.Ct. 759, 773 (February 22, 2017). The petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (citation and internal quotation marks omitted), or that "the issues presented are adequate to deserve encouragement to proceed further," *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). Further, when a district court dismisses a habeas petition on procedural

grounds, a certificate of appealability will not issue unless the petitioner can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" *Rose v. Lee,* 252 F.3d 676, 684 (4th Cir. 2001) (quoting *Slack v. McDaniel,* 529 U.S. 473, 484 (2000)).

Because this court finds that there has been no substantial showing of the denial of a constitutional right, nor is it debatable that the petition is, in part, time-barred, a certificate of appealability shall be denied. *See* 28 U.S.C. § 2253(c)(2). Shaffer may still request that the United States Court of Appeals for the Fourth Circuit issue such a certificate. *See Lyons v. Lee*, 316 F.3d 528, 532 (4th Cir. 2003) (considering whether to grant a certificate of appealability after the district court declined to issue one).

A separate Order follows.

December 7, 2022
Date

/s/
Stephanie A. Gallagher
United States District Judge